**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6810**

OWEN D. LEAVITT,

Plaintiff – Appellant,

v.

NC DEPARTMENT OF PUBLIC SAFETY; KEITH WHITENER, Administrator, Alexander Correctional Institution, individually and in his official capacity; DAWKINS, Doctor, individually and in his official capacity; COFFEY, Chronic Care Nurse, individually and in her official capacity; EVENS, Head Nurse, individually and in her official capacity; KIRBY, Lead Nurse, individually and in her official capacity; MCRAY, Nurse, individually and in his official capacity; W. TURNER, Officer, individually and in his official capacity; MILLER, Sergeant, individually and in his official capacity; HONEYCUTT, Officer in Charge, individually and in his official capacity; BROCK, Officer, individually and in his official capacity; HARRINGTON, Officer, individually and in his official capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Frank D. Whitney, Chief District Judge.  (5:14-cv-00027-FDW)

Submitted: October 28, 2014          Decided: November 12, 2014

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Owen D. Leavitt, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Owen D. Leavitt appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 (2012) action for failure to exhaust administrative remedies. Because we conclude the action was dismissed prematurely, we vacate and remand.

"Whether a district court properly required a plaintiff to exhaust [his] administrative remedies before bringing suit in federal court is a question of law" that we review de novo. Talbot v. Lucy Corr Nursing Home, 118 F.3d 215, 218 (4th Cir. 1997). The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from filing a § 1983 action addressing conditions of confinement unless the prisoner has exhausted available administrative remedies. 42 U.S.C. § 1997e(a) (2012). Meeting the exhaustion requirement requires "proper exhaustion"— that is, "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal quotation marks omitted).

Under the PLRA, failure to exhaust administrative remedies is an affirmative defense, which an inmate is not required to plead or demonstrate in his complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Rather, the defendant bears the burden to establish a prisoner's failure to exhaust. Moore v.

3

Bennette, 517 F.3d 717, 725 (4th Cir. 2008). A district court is permitted to address the issue of exhaustion sua sponte, however, and may dismiss the complaint without input from the defendant if the "failure to exhaust is apparent from the face of the complaint," and the inmate has been provided an opportunity to respond on the exhaustion issue. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005).

Our review of the record indicates that the failure to exhaust is not clear from the face of Leavitt's complaint and associated pleadings, particularly in light of his request for additional time to provide proof of exhaustion, and his verified statement indicating that he seeks such proof from Appellees. Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. We express no opinion about the merits of Leavitt's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED